UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| OSCAR DARIO GALLEGO OSORIO,<br><br>    Petitioner,<br><br>v.<br><br>MARCELLO VILLEGAS, et al.,<br><br>    Respondents. | No. 1:25-CV-293-H |

# ORDER

Before the Court is Oscar Dario Gallego Osorio's third emergency motion for a temporary restraining order.[1]  Dkt. No. 21.  Because the motion improperly requests the ultimate relief sought in his pending habeas petition (Dkt. No. 1), the motion is denied.

**1.    Legal Standard**

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions.  A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief."  *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009).  Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief.  *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021).  The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest.  *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

---

[1] The Court already denied Gallego Osorio's first and second emergency motions for TRO because he failed to demonstrate a substantial likelihood of success on the merits.  Dkt. No. 14.

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

**2.    Analysis**

"The purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022). Likewise, the purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). Thus, the Court cannot give Gallego Osorio "the ultimate relief requested" in the form of a preliminary injunction or TRO; it can "only preserve the *status quo*." *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025).

Gallego Osorio's motion appears to request the same relief sought in his habeas petition. Indeed, the arguments supporting his motion "focus on the harms of mandatory detention without bond." *Perez v. Noem*, No. 3:25-CV-2920, 2025 WL 3532430, at *6 (N.D. Tex. Nov. 14, 2025), *R. & R. adopted*, 2025 WL 3530951 (Dec. 9, 2025). In his motion, he

requests that the Court order a bond hearing or his immediate release on supervision, Dkt. No. 21 at 2, but the ultimate relief he seeks in his petition is also release from custody or a bond hearing, Dkt. No. 1 at 7.[2] Because the preliminary relief sought in the motion improperly seeks the same ultimate relief requested in the petition, the motion is denied.

Gallego Osorio's petition and motion to correct his habeas petition remain pending. Dkt. Nos. 1; 20.

So ordered on February 11, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

---

[2] Yet again, Gallego Osorio asserts irreparable harm because he "may be ordered removed." Dkt. No. 21 at 2. As the Court already explained in its order denying Gallego Osorio's first and second motions for TRO, the threat of removal is not a basis for a TRO under these circumstances, particularly where (1) a removal order has not been issued, (2) the habeas petition challenges continued detention, not removal, and (3) the government has agreed to provide meaningful notice before removing Gallego Osorio. Dkt. No. 14 at 7. Gallego Osorio's counsel is cautioned against raising arguments that the Court has already rejected.