UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| OSCAR DARIO GALLEGO OSORIO,<br><br>Petitioner,<br><br>v.<br><br>MARCELLO VILLEGAS, et al.,<br><br>Respondents. | No. 1:25-CV-293-H |

**ORDER**

Before the Court is the Court's Order to Show Cause (Dkt. No. 29) and counsel Humberto Rivera Morales's response (Dkt. No. 30). The Court is concerned with Rivera's response, which shows a misunderstanding of the Court's prior orders and a tendency to play fast and loose with the language in his filings. A few points in the response merit discussion.

First, Rivera asserts that "the Court ordered the government to commit to not removing" his client "pending resolution of the habeas petition." Dkt. No. 30 at 8 (emphasis omitted). Thus, he rejects the assertion that his TRO motion to prevent removal was "without legal authority." *Id.* But this only shows that Rivera failed to carefully read the Court's order, which merely ordered the respondents to file "*a notice* addressing whether the government will commit not to remove the petitioner." Dkt. No. 6 at 1 (emphasis added). That Rivera read an order seeking procedural clarity as ordering substantive relief suggests that he has failed to read the Court's orders in this case carefully.

Second, Rivera complains that the Court "granted [his] Motion for Leave to Amend (Dkt. [No.] 20) but simultaneously proposes to sanction [him] for filing it," and that he was merely complying with his ethical duties. Dkt. No. 30 at 10. That is an exceptional

assertion. The Court is not punishing Rivera for doing his job, nor would it. Parties can and should seek leave to amend petitions for a writ of habeas corpus when they believe clarification is appropriate. After all, the abuse-of-writ doctrine restricts subsequent habeas petitions when the claims could have been filed at the time of the original petition. *See, e.g.*, *Beras v. Johnson*, 978 F.3d 246, 251–52 (5th Cir. 2020).

That is not the problem here. For one, Rivera's ethical obligations would have applied regardless of whether the Court granted leave to amend. *See Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1024 (5th Cir. 1994) (noting that Rule 11 obligations are "measured as of the time that the document is signed"). And as the Court previously explained, the amended petition claims that the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), "explicitly and repeatedly limited [its] holding to individuals who have not been admitted or paroled," and since the client here was previously paroled, that decision counseled in favor of his release. Dkt. No. 29 at 3–4 (quoting Dkt. No. 20 at 1–2) (emphasis omitted). However, *Buenrostro-Mendez* says no such thing. *See id.* at 4–5. Rivera deflects by saying he was discussing statutory language. Dkt. No. 30 at 10–11. But that is not what he originally wrote.

Rivera correctly recognizes that this "was an errant" choice of words. *Id.* at 11. Still, words have meaning. When an attorney asserts that a case "explicitly and repeatedly" says something, the reader should expect to find that the decision explicitly and repeatedly features the referenced language. When attorneys play fast and loose with the language of binding Fifth Circuit precedent and misrepresent the law, whether by mistake or carelessness, they cause the Court to lose faith that any assertion made by the attorney is a truthful one. That sort of misbehavior requires the Court to more closely scrutinize any

assertion of law that counsel makes, which provokes needless distrust and delay. Because "a lawyer owes respect, diligence, [and] candor" to the Court, such missteps are severe. *Dondi Props. Corp. v. Comm. Sav. & Loan Ass'n*, 121 F.R.D. 284, 295 (N.D. Tex. 1988) (en banc).

Moreover, counsel should not perceive the Court's warning here as an attack on his zealous advocacy. The conduct here is demeaning to Rivera himself, to opposing counsel, to the Court, and, significantly, to his client. Far from serving his client, Rivera's failure to accurately portray the law and his further misunderstanding of the Court's orders diminish his ability to effectively represent his client. Just as the lawyer is obliged to act with candor, the Court is obliged "to uphold and protect the dignity and independence" of the members of the bar who practice here. *Id.* And it is also in the Court's interest to ensure that anyone filing a civil action here is represented by counsel who understands that "he should not engage in any conduct that offends the dignity and decorum of the proceedings." *Id.* (quotation omitted).

Finally, while the Court agrees that Rivera acted in good faith in relying on the two immigration-law advisories, counsel is advised that he cannot replace his own due diligence with full faith in the work of others. The Court does not need to address the conduct of a public-interest group whose attorneys are not present before this Court. At day's end, Rule 11 does not apply to any attorney whose words might end up in a court of law, but to those attorneys whose assertions are typed on the page presented to this Court. Therefore, while Rivera did not break his obligations under Rule 11 here, he must take accountability for assertions as his own.

While the Court remains concerned with Rivera's conduct for the reasons explained in the Order to Show Cause (Dkt. No. 29) and as explained here, the Court finds that sanctions are unnecessary. Here, a warning will suffice: Going forward, Rivera must conduct himself with the care and diligence expected of him as an attorney and as required by Rule 11. He must not assert that a case "explicitly" says something when that is not the case. And he must carefully review his own filings, the filings of opposing counsel, and the orders of this Court to ensure that he has properly understood the filings and orders. Future misconduct going forward **will** result in the imposition of sanctions.

So ordered on August 28, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE